IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PANASONIC CORPORATION OF NORTH AMERICA dba PANASONIC MEDIA ENTERTAINMENT COMPANY | § § § § | |
| V. | § § § § | CASE NO. _____ |
| ALONZO CANTU CONSTRUCTION, INC. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

Petitioner Panasonic Corporation of North America files this Original Complaint against Alonzo Cantu Construction, which has breached the mediated settlement agreement between the parties.

### PARTIES

1. Plaintiff Panasonic Corporation of North America ("Panasonic") is a Delaware corporation and a citizen of Delaware and New Jersey.

2. Defendant Alonzo Cantu Construction, Inc. ("Cantu Construction") is a Texas corporation that may be served with process by serving its registered agent, Alonzo Cantu, at 5221 N. McColl Road, McAllen, Texas 78504, or wherever he may be found.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a), as diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Moreover, venue is proper because this action is based on the breach of the Mediated

Settlement Agreement, which mandates that disputes arising under it be filed in the United States District Court, Southern District of Texas, McAllen Division.

**FACTUAL ALLEGATIONS**

5. This action represents the continuation of a payment dispute in which Cantu Construction has failed to pay for work completed on the construction of the multi-purpose entertainment arena located in Edinburg, Texas known as the "Bert Ogden Arena." Cantu Construction contracted with Panasonic in November 2017 to furnish the labor, materials, and equipment necessary to install the audio and video components, as well as the marquee on the exterior, into the Bert Ogden Arena.

6. After Panasonic substantially completed the work according to the two subcontractor agreements, a dispute arose between the parties wherein Cantu Construction failed and refused to tender the remaining balance owed to Panasonic. The parties attempted to resolve their disagreements informally through direct discussions without the benefit of counsel, and then later through counsel, but the dispute lingered. Namely, Cantu Construction was either unwilling or unable to pay the balance due. Pursuant to the identical arbitration clauses contained within the Subcontractor Agreements, requiring that any controversies or disputes between Defendants and Plaintiff be resolved by binding arbitration, Panasonic filed its Application for Appointment of Arbitrator and Complaint in Aid of Arbitration on February 26, 2019 (the "Arbitration Action."), which remains pending as Civil Action 7:19-cv-64 in this Honorable Court.

7. The Parties mediated the Arbitration Action on August 22, 2019.[1] After a long, exhaustive mediation, the parties signed a Mediated Settlement Agreement ("MSA") on August

---

[1] During the pendency of the Arbitration Action, Cantu Construction filed two separate lawsuits against Panasonic in Hidalgo County State District Court. Both lawsuits relate to the subcontractor agreements made the basis of

22, 2019. A true and correct copy of the MSA is attached hereto as Exhibit "A." Under the MSA, all previous claims were resolved between the parties, and a new arrangement was established: Cantu Construction was first required to pay Panasonic $750,000.00 within seven business days and then certain work items would be completed followed by the payment of the remaining $748,278.66 within thirty days. Cantu Construction made the first payment contemplated by the MSA.

8. Panasonic then completed the work items contemplated by the MSA, and according to its terms, demanded the balance payment $748,278.66 within thirty days. On December 18, 2019, Panasonic notified Cantu Construction that it completed the work items, triggering the thirty day window for Cantu Construction to pay the balance due under the MSA. However, Cantu Construction did not pay the balance within thirty days.

9. Although Panasonic completed the work items contemplated by the MSA, and eerily similar to the events giving rise to the Arbitration Action, now that the work is complete, Cantu Construction refuses to pay the remaining balance of $748,278.66.

## CAUSES OF ACTION

10. Panasonic incorporates its prior allegations as if they were set forth within the following causes of action.

### Breach of Contract

11. Panasonic and Cantu Construction are parties to the Mediated Settlement Agreement that memorializes Cantu Construction's obligation to pay Panasonic $748,278.66.

12. The monies owed under the MSA are due and payable upon demand.

---

Panasonic's original Arbitration Action (and this present Complaint), accordingly Panasonic removed both to this Court and moved to consolidate. Cantu Construction has moved to remand both actions back to state court, though at present they remain pending in this Court. Panasonic has filed a motion to approve the MSA and dismiss the three lawsuits.

13. On February 5, 2020, Panasonic, through counsel, made a written demand for payment upon Cantu Construction, through counsel, to pay the remaining balance owed under the MSA.

14. Cantu Construction has refused to pay the balance owed.

15. Panasonic has performed all conditions, covenants, and promises required on its part in accordance with the MSA.

16. Panasonic has been damaged and injured as a result of Cantu Construction's breaches, for which Panasonic seeks to recover in this case.

## CONDITIONS PRECEDENT

17. All conditions precedent to Panasonic's claims for relief have been performed, waived, or have occurred.

## ATTORNEYS' FEES

18. Panasonic has retained counsel to prosecute this claim and seeks the relief to which it is entitled. Panasonic is entitled to recover all of its costs and expenses, including its reasonable attorney's fees, from Cantu Construction.

## CONCLUSION AND PRAYER

For these reasons, Plaintiff Panasonic Corporation of North America respectfully requests the Court to grant judgment in its favor and award it all damages, pre- and post-judgment interest, court costs, attorneys' fees, and all other relief to which Panasonic shows itself to be entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: ___*/s/ David N. Calvillo*___
    David N. Calvillo
    Attorney-in-Charge
    State Bar No.: 03673000
    Federal Bar No.: 11431
    david.calvillo@chamberlainlaw.com
    1200 Smith Street, Suite 1400
    Houston, TX 77002
    Telephone: (713) 658-1818
    Facsimile: (713) 658-2553

**ATTORNEY FOR PLAINTIFF PANASONIC CORPORATION OF NORTH AMERICA**

OF COUNSEL:

**CHAMBERLAIN, HRDLICKA, WHITE WILLIAMS & AUGHTRY, P.C.**

David M. Medina
Texas Bar No. 0000088
Federal Bar No. 2609723
david.medina@chamberlainlaw.com
Reagan H. "Tres" Gibbs, III
Texas Bar No. 24083098
Federal Bar No. 2905311
tres.gibbs@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
Phone: (713) 658-1818
Facsimile: (713) 658-2553

**ATTORNEY FOR PLAINTIFF PANASONIC CORPORATION OF NORTH AMERICA**